# Order

**Michigan Supreme Court**
**Lansing, Michigan**

December 23, 2015

Robert P. Young, Jr.,
Chief Justice

Stephen J. Markman
Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Joan L. Larsen,
Justices

149631-3

GLENN S. MORRIS,
        Plaintiff-Appellee,

v

MORRIS, SCHNOOR & GREMEL, INC.,
CHARRON & HANISCH, P.L.C., and
DAVID W. CHARRON,
        Defendants,

and

NEW YORK PRIVATE INSURANCE
AGENCY, L.L.C.,
        Appellant.
_____/

SC: 149631
COA: 315007
Kent CC: 09-001878-CB

MORRIS, SCHNOOR & GREMEL,
PROPERTIES, L.L.C.,
        Plaintiff-Appellee,

v

MORRIS, SCHNOOR & GREMEL, INC.,
DAVID W. CHARRON, and CHARRON
& HANISCH, P.L.C.,
        Defendants,

and

NEW YORK PRIVATE INSURANCE
AGENCY, L.L.C.,
        Appellant.
_____/

SC: 149632
COA: 315702
Kent CC: 09-011842-CB

GLENN S. MORRIS,
        Plaintiff-Appellee,

v

MORRIS, SCHNOOR & GREMEL, INC.,
DAVID W. CHARRON, and CHARRON
& HANISCH, P.L.C.,
    Defendants,

and

NEW YORK PRIVATE INSURANCE
AGENCY, L.L.C.,
    Appellant.

_____/

SC: 149633
COA: 315742
Kent CC: 09-001878-CB

   On December 9, 2015, the Court heard oral argument on the application for leave to appeal the May 29, 2014 judgment of the Court of Appeals. On order of the Court, the application is again considered. MCR 7.305(H)(1). In lieu of granting leave to appeal, we AFFIRM on alternate grounds the result reached by the Court of Appeals in affirming the Kent Circuit Court judgment against appellant New York Private Insurance Agency, LLC (NYPIA).

   NYPIA claims that it became a nonparty when the circuit court entered orders granting it summary disposition on October 22, 2009 and February 4, 2010, in plaintiff Morris's suit, and on February 16, 2009, in the suit brought by plaintiff Morris, Schnoor & Gremel Properties, LLC. NYPIA argued on appeal that the circuit court erred by later entering judgment against it pursuant to MCL 566.38 because NYPIA was at that time no longer a party to this action. See MCR 2.205; *Estes v Titus*, 481 Mich 573, 592 (2008). NYPIA, the parties, and the Court of Appeals all failed to recognize that, under MCR 2.604, NYPIA remained a party until the circuit court issued its final judgment in each case. The orders of summary disposition dismissing the claims against NYPIA "adjudicat[ed] fewer than all the claims, or the rights and liabilities of fewer than all the parties." See *id.* NYPIA, therefore, remained a party to both actions until the "entry of final judgment adjudicating all the claims and the rights and liabilities of all the parties" under MCR 2.604. NYPIA was afforded all the process it was due under the circumstances presented here.

   We VACATE any portion of the judgment of the Court of Appeals that is inconsistent with this order. In all other respects, leave to appeal is DENIED, because we are not persuaded that the remaining questions presented should be reviewed by this Court.



   I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

December 23, 2015



Clerk

a1222